UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOSHUA SHARP                                                                                          PLAINTIFF

v.                                            No. 2:17-CV-02235

STATE FARM FIRE AND CASUALTY
COMPANY and JOHN DOES I-X                                                              DEFENDANTS

## ORDER

Plaintiff filed his complaint in the Circuit Court of Crawford County, Arkansas on November 8, 2017. The action was removed to this Court on December 21, 2017. The complaint identifies the John Doe Defendants as "other responsible parties and other possible agents for State Farm Fire and Casualty Company." (Doc. 3, ¶ 5). Despite April 2, 2018 direction from the Clerk, Plaintiff has not filed proof of service or a motion to extend time for service of the John Doe Defendants. Rather than following directions, Plaintiff filed an affidavit of service with exhibits reflecting service was made on Defendant State Farm Fire and Casualty Company. (Doc. 10).

It is clear that the John Doe Defendants are named in the complaint pursuant to Arkansas Code Annotated § 16-56-125, which tolls the statute of limitations for actions filed in the state courts of Arkansas whenever a tortfeasor's identity is unknown. Tolling the statute of limitations does not satisfy a party's obligation to comply with procedural rules regarding timely service, however, whether an action begins in the state courts of Arkansas or in a United States District Court. *Lee v. Airgas Mid-South, Inc.*, 793 F.3d 894, 897–98 (8th Cir. 2015) (holding that an amended complaint substituting an identified party for a § 16-56-125 John Doe Defendant will only relate back to the original complaint if service of the original complaint was timely); *Berryhill v. Synatzske*, 432 S.W.3d 637, 642 (Ark. 2014) (holding that while § 16-56-125 tolls the statute of limitations, before a party can be substituted for a John Doe, the requirements of Arkansas Rule

1

of Civil Procedure 15(c) must still be met—including the requirement that the substituted Defendant be timely served). Plaintiffs had 120 days to serve the John Doe Defendants with the original complaint while this matter was proceeding in the state courts of Arkansas, or show good cause for a failure to do so. Ark. R. Civ. P. 4(i). Removal reduced that period to 90 days. Fed. R. Civ. P. 4(m); 28 U.S.C. § 1448. Plaintiff has neither filed proof of service of the John Doe Defendants nor shown good cause to extend the time to serve them.

IT IS THEREFORE ORDERED that Plaintiff's claims against John Does 1–10 are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 18th day of April, 2018.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE